1

2

3

4

5                    IN THE UNITED STATES DISTRICT COURT

6                  FOR THE EASTERN DISTRICT OF CALIFORNIA

7

8

9    ROBERT S. MILTON,

10            Plaintiff,                    CV F 05 0252 OWW WMW P

11        vs.

12                                          ORDER DETERMINING COMPLAINT
                                            STATES A COLORABLE CLAIM AND
13   _____   TRANSMITTING USM 285 FORMS
     C/O MUNOZ, et al.,      _____

14

             Defendants.

15
     _____/

16

             Plaintiff is a state prisoner proceeding pro se in a civil rights action pursuant to 42

17
     U.S.C. § 1983.  Plaintiff has requested leave to proceed in forma pauperis pursuant to 28 U.S.C.

18
     § 1915.

19
             Plaintiff, an inmate in the custody of the California Department of Corrections at

20
     Corcoran State Prison, brings this civil rights action against defendant correctional officials

21
     employed by the Department of Corrections at Corcoran State Prison.  Plaintiff names as

22
     defendants Correctional Sergeant f. Munoz, Correctional Officer McVay and Correctional

23
     Officer R. Hernandez.  Plaintiff claims that defendants subjected him to excessive force in

24

25

26

                                               1

violation of the Eighth Amendment's prohibition on cruel and unusual punishment.[1]

The Eighth Amendment provides that "[e]xcessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted."  The proscription applies to the states through the Due Process Clause of the Fourteenth Amendment.  Robinson v. California, 370 U.S. 660 (1962).  Prison brutality is part of the total punishment to which the individual is being subjected for his crime and, as such, is a proper subject for Eighth Amendment scrutiny.  Ingraham v. Wright, 430 U.S. 651, 669, (1977).  The Eighth Amendment is specifically concerned with the unnecessary and wanton infliction of pain in penal institutions and serves as the primary source of substantive protection to convicted prisoners in cases where the deliberate use of force is challenged as excessive and unjustified.  Whitley v. Albers, 475 U.S. 312, 327,(1986); see also Graham v. Connor, 490 U.S.386, 392 n.10 (1989).

To constitute the "unnecessary and wanton infliction of pain" in the prison context, the United States Supreme Court requires that both the objective and subjective component of the Eighth Amendment be satisfied.  Wilson v. Seiter, 501 U.S. 294 (1991).  First, the deprivation complained of must be sufficiently serious by objective standards.  Id. 501 U.S. at 297.  A deprivation is sufficiently serious if it denies "'the minimal civilized measure of life's necessities.'"  Id. (quoting Rhodes v. Chapman, 452 U.S. 337, 347 (1981) (violation requires showing of unnecessary and wanton infliction of pain resulting in a physical injury which is of such base, inhumane and barbaric proportions as to shock the sensibilities)).  See Hudson v. McMillian, 503 U.S.1,(1992) (objective prong not met where injury is de minimus); but see, Jordan v. Gardner, 986 F.2d 1521 (9th Cir. 1993) (Hudson substantial injury requirement met by psychological harm alone, such that body searches of female inmates by male guards constitutes cruel and unusual punishment).

Second, the prison officials responsible for the deprivation must act with a sufficiently

---

[1]Plaintiff also sets forth state law claims of assault and battery.

1  culpable state of mind by subjective standards.  <u>Id.</u>  To be sufficiently culpable, "the offending

2  conduct must be <u>wanton</u>."  <u>Wilson</u>, 501 U.S. at 299.  In situations where officials are not acting

3  under pressure, "deliberate indifference" constitutes wantonness.  <u>Id.</u> at 299-300.  Where a

4  prison security measure is undertaken to resolve a disturbance, the question of whether the

5  measure taken inflicted unnecessary and wanton pain and suffering in violation of the Eighth

6  Amendment turns on whether force was applied in a good faith effort to maintain or restore

7  discipline, or maliciously and sadistically for the purpose of causing harm.  <u>Whitley v. Albers</u>,

8  475 U.S. 312, 320-21 (1986).

9         Here, plaintiff alleges that on March 17, 2004, while standing in a holding with

10  his hands restrained behind him, defendants Munoz, McVay and Hernandez assaulted him.

11  Specifically, plaintiff alleges that after he was placed in handcuffs, all three defendants opened

12  the cell door with plaintiff faced the rear of the cell.   Plaintiff alleges that Hernandez pushed

13  plaintiff "for no apparent reason."   Plaintiff alleges that all three defendants "immediately began

14  to hit and kick the I/M viciously until I/M Milton was on the ground.  As the defendants (all

15  three) were hitting and kicking I/M Milton Sgt. Munoz was heard to say, 'this is my ward, I'll

16  kill you.'"   Plaintiff was then subjected to a 20 second burst of pepper spray.   Plaintiff suffered

17  "a busted open chin requiring a doctor to stitch the gash."

18         Liberally construed, the complaint states a claim for relief against defendants

19  Munoz, McVay and Hernandez  for excessive force.   The complaint states a cognizable claim

20  for relief pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1915A(b).

21         Plaintiff also claims that defendants retaliated against him, depriving him of his

22  civil rights.  An allegation of retaliation against a prisoner's First Amendment right to file a

23  prison grievance is sufficient to support claim under Section 1983.  <u>Bruce v. Ylst</u>, 351 F.3d 1283,

24  1288 (9th Cir.2003).  "Within the prison context, a viable claim of First Amendment retaliation

25  entails five basic elements:  (1) An assertion that a state actor took some adverse action against

26

3

an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005). The court must " 'afford appropriate deference and flexibility' to prison officials in the evaluation of proffered legitimate penological reasons for conduct alleged to be retaliatory." Pratt v. Rowland, 65 F.3d 802, 807 (9th Cir.1995) (quoting Sandin v. Conner, 515 U.S. 472, 482, 115 S.Ct. 2293 (1995)). The burden is on plaintiff to demonstrate "that there were no legitimate correctional purposes motivating the actions he complains of." Pratt, 65 F.3d at 808.

Plaintiff alleges no facts that satisfy this standard. Plaintiff restates the allegations of excessive force , and alleges such conduct was in retaliation for filing inmate grievances relating to excessive force in 2003. There are no facts alleged that indicate that plaintiff's ability to engage in the prison grievance process was actually chilled. This claim must therefore be dismissed.

The court will grant plaintiff an opportunity to file an amended complaint. If plaintiff fails to do so , this action will proceed on the original complaint against defendants Munoz, McVay and Hernandez for excessive force. The court will recommend dismissal of plaintiff's retaliation claim.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, the complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in

order to make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a  general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1.  Plaintiff is granted leave to file an amended complaint.  Any amended complaint is due thirty days from the date of service of this order.  The amended complaint must bear the docket number assigned this case and must be labeled "First Amended Complaint." Should plaintiff fail to file an amended complaint, the court will recommend dismissal of his retaliation claim.

IT IS SO ORDERED.

**Dated:    October 26, 2005**             **/s/  William M. Wunderlich**
mmkd34                                     UNITED STATES MAGISTRATE JUDGE

5